**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

| | |
|---|---|
| MARK ANTHONY GIBSON,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN J. SPAND, DEPUTY WARDEN WALKER, DEPUTY WARDEN JONES, and SGT. J. WILLAM,<br><br>Defendants. | CIVIL ACTION NO.: 5:26-cv-256 |

## ORDER

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. Plaintiff also filed a letter, construed as a Motion for Transfer.[1] Doc. 11. The Court now conducts its frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **DISMISS** Plaintiff's claims against Defendants Jones, Spand, and Walker.[2] However, I

---

[1] "Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Retic v. United States, 215 Fed. App'x 962, 964 (11th Cir. 2007) (quoting Castro v. United States, 540 U.S. 375, 381 (2003)). Federal courts "may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." Id. (quoting Castro, 540 U.S. at 381–82). Thus, I construe Plaintiff's filing as a motion for transfer.

[2] Plaintiff has consented to the undersigned's plenary review. Doc. 6.

**FIND** that some of Plaintiff's claims may proceed. The Court will direct service of Plaintiff's claims against Defendant Willam by separate Order. Further, I **DENY** Plaintiff's construed Motion for Transfer. Id.

## PLAINTIFF'S CLAIMS[3]

Plaintiff brings claims under 42 U.S.C. § 1983 relating to conditions of his confinement at Ware State Prison ("Ware"). Doc. 1. Plaintiff names Warden Spand, Deputy Warden Walker, Deputy Warden Jones, and Sergeant Willam as Defendants. Id. at 2–3. Plaintiff states that, on February 10, 2025, Defendant Willam kicked Plaintiff in the face while Plaintiff was handcuffed. Id. at 3. Plaintiff alleges that Willam then failed to "get [Plaintiff] seen by medical for [his] wounds to [his] face and mouth." Id. at 5. Plaintiff alleges that Defendants violated his rights under the Eighth and Fourteenth Amendments and seeks monetary damages. Id. at 3, 5.

## STANDARD OF REVIEW

A federal court must conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon

[3] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and thus must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). Still, Plaintiff's unrepresented status will not excuse mistakes about procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006). To state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

## DISCUSSION

### I. Claims Against Defendants Jones, Spand, and Walker

Plaintiff seeks to bring claims against Defendants Jones, Spand, and Walker. Doc. 1 at 3. The Eleventh Circuit Court of Appeals has held a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with a legal wrong. Douglas v. Yates, 535 F.3d 1316, 1321–22 (11th Cir. 2008)

("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Plaintiff does not mention these Defendants in his Complaint beyond stating that they are Defendant Willam's supervisors and, in a conclusory fashion, asserting that they know that Defendant Willam kicked Plaintiff in the face. Doc. 1 at 4. Plaintiff fails to state any allegations that suggest that these Defendants were personally involved with injuring Plaintiff.

If Plaintiff seeks to hold these Defendants liable for the acts of their subordinates without alleging any personal involvement, his claims also fail. "It is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (citations omitted). To hold a supervisory official liable, Plaintiff must show either (1) the supervisor actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation. Id. (internal quotation marks and citation omitted) (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). As noted above, Plaintiff has not alleged these Defendants participated in the events supporting Plaintiff's claims.

Also, Plaintiff fails to allege a "causal connection" between Defendants Jones, Spand, and Walker and the asserted constitutional violations. See Zatler v. Wainwright,

802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). A plaintiff can establish a "causal connection . . . when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper custom or policy . . . result[s] in deliberate indifference to constitutional rights." Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A plaintiff may also show a causal connection when the facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogated in part on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). Plaintiff has not made the necessary showing with respect to these Defendants. Accordingly, I **DISMISS** Plaintiff's claims against these Defendants.

## II. Motion for Transfer

Plaintiff asks the Court to order him to be transferred to a different prison. Doc. 11. Plaintiff explains that he "need[s a] legal library to work on [his] cases" and implies that he lacks access to a prison library because he is in administrative segregation at Ware. Id. at 1. Plaintiff also states that the Warden and Deputy Wardens at Ware are angry with him because Plaintiff filed grievances and brought this suit and that he fears for his life. Id. at 2. Plaintiff provides no legal basis for this request.

I deny Plaintiff's request. Prisoners lack a constitutional right to be housed at a facility of their choosing, Meachum v. Fano, 427 U.S. 215, 255 (1976), and this Court lacks the authority to transfer Plaintiff or order his transfer to a different prison. See, e.g., Ellis v. Danforth, Case No. 7:12-CV-0085, 2012 WL 5183558, at *7 (M.D. Ga. Sep. 13, 2012) ("The Court does not have jurisdiction or authority to . . . direct Plaintiff's transfer[.]"). The United States Supreme Court has also held that prison administrators should generally be given "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547 (1979). Thus, I **DENY** Plaintiff's Motion. Doc. 11.

## CONCLUSION

For the above reasons, I **DISMISS** Plaintiff's claims against Defendants Jones, Spand, and Walker. However, I **FIND** that some of Plaintiff's claims may proceed. The Court will direct service of Plaintiff's claims against Defendant Willam by separate Order. Further, I **DENY** Plaintiff's construed Motion for Transfer. Doc. 11.

**SO ORDERED**, this 6th day of October, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA